IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **CONE MILLS CORPORATION,** *et al.*, | : | Case No. 03-12944 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | | |
| | | Re: D.I. 1191 |

**STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE
INCLUDED IN THE RECORD ON APPEAL BY WLR RECOVERY FUND II, L.P. AND
<u>INTERNATIONAL TEXTILE GROUP, INC.</u>**

WLR Recovery Fund II, L.P. and International Textile Group, formerly known as WLR Cone Mills Acquisition LLC,[1] (collectively, the "<u>Appellants</u>") hereby submit, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, their statement of issues to be presented on appeal and the items to be included in the record on appeal with respect to the order titled *Order Denying The Motion Of WLR Recovery Fund II, L.P. And WLR Cone Mills Acquisition LLC For (1) Order Enforcing Sale Order Injunction Against The Debtors And The Pension Benefit Guaranty Corporation Or, Alternatively, (2) For Allowance Of An Administrative Claim or (3) Rescission Of The Sale, And Continuing The Motion Solely As To Rescission As Set Forth In This Order* [D.I. 1184] entered by the Bankruptcy Court for the District of Delaware on March 10, 2005.

**STATEMENT OF ISSUES ON APPEAL**

1.  Does the Bankruptcy Court have the authority pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") to authorize the sale of a non-debtor

---

[1] On August 2, 2004, WLR Cone Mills Acquisition LLC was merged into WLR Burlington Industries Acquisition LLC, which was renamed International Textile Group, Inc.

affiliate's assets free and clear of all liens, claims and encumbrances under section 363 of the Bankruptcy Code when such sale is essential to the Debtors' emergence from chapter 11?

2. Assuming *arguendo* that the Bankruptcy Court may authorize the sale of a non-debtor affiliate's assets pursuant to sections 105(a) and 363 of the Bankruptcy Code free and clear of all liens, claims and encumbrances, does the plain language of the Sale Order, as approved and entered by the Bankruptcy Court, provide protection to the Appellants?

## DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL

1. Motion Of The Debtors For An Order Pursuant To Sections 105(a), 363 And 365 Of The Bankruptcy Code And Rules 2002, 6004, 6006 And 9014 Of The Federal Rules Of Bankruptcy Procedure (A) Authorizing The Sale Of Substantially All Of The Debtors' Assets, Free And Clear Of Liens, Claims, Encumbrances, And Interests Subject To Higher And Better Offers; (B) Approving The Amended And Restated Asset Purchase Agreement; (C) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With Such Sale; And (D) Granting Related Relief (Docket No. 377).

2. Order Authorizing (A) Sale Of Substantially All Of The Debtors' Assets, Free And Clear Of Liens, Claims, Encumbrances, And Interests Subject To Higher And Better Offers, (B) Approving The Amended And Restated Asset Purchase Agreement, (C) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With Such Sale, And (D) Granting Related Relief (Docket No. 509).

3. Motion Of The Debtors, Pursuant To Bankruptcy Rule 9019, To Approve Stipulation And Order Among Debtors, Pension Benefit Guaranty Corporation And The Master Pension Plan Of Cone Mills Corporation (Docket No. 896).

4. Objection Of WLR Recovery Fund II, L.P. And WLR Cone Mills Acquisition LLC To Motion Of The Debtors, Pursuant To Bankruptcy Rule 9019, To Approve Stipulation And Order Among Debtors, Pension Benefit Guaranty Corporation And The Master Pension Plan Of Cone Mills Corporation (Docket No. 920).

5. Order Pursuant To Bankruptcy Rule 9019 Approving The Stipulation And Order Among Debtors, Pension Benefit Guaranty Corporation And The Master Pension Plan Of Cone Mills Corporation (Docket No. 933).

6. Transcript of September 16, 2004 Omnibus Hearing Before the Honorable Mary F. Walrath (Docket No. 955).

7. Motion Of WLR Recovery Fund II, L.P. And WLR Cone Mills Acquisition LLC For (1) Order Enforcing Sale Order Injunction Against The Debtors And The Pension Benefit

Guaranty Corporation, Or Alternatively, (2) For Allowance Of An Administrative Claim Pursuant To 11 U.S.C. §§ 105(a), 363 And 503(a) Or (3) For Rescission Of The Sale (Docket No. 998).

8.  Objection Of Pension Benefit Guaranty Corporation To Motion Of WLR Recovery Fund II, L.P. And WLR Cone Mills Acquisition LLC For (1) Order Enforcing Sale Order Injunction Against The Debtors And The Pension Benefit Guaranty Corporation, Or Alternatively, (2) For Allowance Of An Administrative Claim Pursuant To 11 U.S.C. §§ 105(a), 363 And 503(a) Or (3) For Rescission Of The Sale (Docket No. 1032).

9.  Debtors' Consolidated Objection To WLR Recovery Fund II, L.P., WLR Cone Mills Acquisition LLC And International Textile Group, Inc.'s Motions Seeking (1) Enforcement Of The Court's Sale Order Injunction Or Alternatively, (I) Allowance Of Administrative Claims, Or (Ii) Rescission Of The Debtors' Asset Sale (Docket No. 1154).

10. Committee's Consolidated Objection To WLR Recovery Fund II, L.P., WLR Cone Mills Acquisition LLC And International Textile Group, Inc.'s Motions Seeking (1) Enforcement Of The Court's Sale Order Injunction Or (2), Alternatively, (I) Allowance Of Administrative Claims, Or (Ii) Rescission Of The Debtors' Asset Sale Docket Nos. 998 And 1137 (Docket No. 1155).

11. Consolidated Objection Of The Prudential Insurance Company Of America To WLR Recovery Fund II, L.P., WLR Cone Mills Acquisition LLC And International Textile Group, Inc.'s Motions Seeking (1) Enforcement Of The Court's Sale Order Injunction Or (2) Alternatively, (I) Allowance Of Administrative Claims, Or (II) Rescission Of The Debtors' Asset Sale (Docket No. 1166).

12. Motion Of WLR Recovery Fund II, L.P. And WLR Cone Mills Acquisition LLC For Leave To File Reply To The Objection Of The Pension Benefit Guaranty Corporation And Exhibit A Thereto (Docket No. 1164).

13. Transcript of February 28, 2005 Omnibus Hearing Before the Honorable Mary F. Walrath (Docket No. 1190).

14. Order Denying The Motion Of WLR Recovery Fund II, L.P. And WLR Cone Mills Acquisition LLC For (1) Order Enforcing Sale Order Injunction Against The Debtors And The Pension Benefit Guaranty Corporation Or, Alternatively, (2) For Allowance Of An Administrative Claim Or (3) Rescission Of The Sale, And Continuing The Motion Solely As To Rescission As Set Forth In This Order (Docket No. 1184).

15. Notice of Appeal Re: D.I. 1184 (Docket No. 1191).

16.     Notice Of Withdrawal By WLR Recovery Fund II, L.P. And International Textile Group, Inc. For Allowance Of An Administrative Claim Pursuant To 11 U.S.C. §§ 105(a), 363 And 503(a), Or Alternatively For Rescission Of The Sale (Docket No. 1200).

Dated: March 31, 2005
    Wilmington, Delaware

**STROOCK & STROOCK & LAVAN LLP**
Lewis Kruger, Esq.
Christopher R. Donoho, Esq.
180 Maiden Lane
New York, NY  10038
Telephone:  (212) 806-5400
Facsimile:   (212) 806-6006

/s/ Michael R. Lastowski
_____
**DUANE MORRIS LLP**
Michael R. Lastowski (DE I.D. 3892)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street
Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

Co-counsel for WLR Recovery Fund II, L.P. and International Textile Group, Inc.