IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
| CONE MILLS CORPORATION, *et al.*, | ) ) | Case No. 03-12944 (MFW) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**Hearing Date: February 28, 2005 at 10:30 a.m. (EST)**
**Ref. Docket Nos. 998 and 1137**

## COMMITTEE'S CONSOLIDATED OBJECTION TO WLR RECOVERY FUND II L.P., WLR CONE MILLS ACQUISITION LLC AND INTERNATIONAL TEXTILE GROUP, INC'S MOTIONS SEEKING (1) ENFORCEMENT OF THE COURT'S SALE ORDER INJUNCTION OR, (2) ALTERNATIVELY, (i) ALLOWANCE OF ANDMINISTRATIVE CLAIMS, OR (ii) RESCISSION OF THE DEBTORS' ASSET SALE DOCKET NOS. 998 AND 1137

The Official Committee of Unsecured Creditors (the "Committee") of Cone Mills

Corporation ("Cone Mills"), *et al.*, the debtors and debtors-in-possession herein (the "Debtors"),

by and through its co-counsel Hahn & Hessen LLP and Cozen O'Connor, hereby files this

objection (the "Objection") to the two Motions filed by the purchasers of the Debtors' assets and

their affiliates, captioned: *(I) Motion of WLR Recovery Fund II L.P. and WLR Cone Mills*

*Acquisition LLC for (1) Order Enforcing Sale Order Injunction Against the Debtor and the*

*Pension Benefit Guaranty Corporation, or Alternatively (2) for Allowance of an Administrative*

*Claim pursuant to 11 U.S.C.§§ 105(a), 363 and 503(a) or (3) for Rescission of the Sale* (the

"PBGC" Motion) and *(II) Motion of the International Textile Group, Inc. for an Order (1)*

*Granting it an Administrative Claim Against the Debtors pursuant to 11 U.S.C.§§ 105(a), 363*

*and 503(a), or Alternatively (2) to Set Aside the Sale Order and Rescind the Sale* (the "Crompton

Motion" and together with the PBGC Motion, collectively, the "Motion"). In support of the

Objection, the Committee respectfully states as follows:

## BACKGROUND

1.      On September 24, 2003 (the "Petition Date"), the Debtors each filed voluntary petitions for relief with this Court (collectively, the "Case") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Case.

2.      On October 7, 2003, the U.S. Trustee appointed seven (7) members to the Creditors Committee, including the Debtors' largest unsecured creditors and employees' union. The following creditors were appointed to the Creditors Committee: Parkdale Mills Inc., Union of Needletraders Industrial & Textile Employees ("UNITE"), Dunavant Enterprises, Inc., Spectrum Textured Yarns, Inc., Brenntag Southwest, Inc., Sunstate Maintenance Corp., and Clariant Corp.[1]

3.      On October 7, 2003, the Creditors Committee selected Hahn & Hessen LLP and Cozen & O'Connor to serve as co-counsel to the Creditors Committee.

## ARGUMENT

4.      By their Motions, WLR Recovery Fund II L.P. and International Textile Group Inc. f/k/a/ WLR Cone Mills Acquisition LLC ("ITG") (collectively, the "Movants") seek (i) to force the Debtors to comply with this Court's order, dated February 12, 2004, authorizing the sale of substantially all of the Debtors' assets to WLR Cone Mills Acquisition LLC (the "Sale Order"), (ii) to enjoin certain non-debtor parties from pursuing certain alleged environmental liabilities against ITG based on a theory of successor liability, (iii) to assert administrative expense claims for any damages that they may be required to pay to the PBGC, NJDEP and/or

---

[1]     Spectrum, Sunstate and Clariant have subsequently resigned from the Creditors Committee.

Crompton,[2] and (iv) to request the Court to rescind the Sale Order if the administrative claims are unavailable to the Movants.

5.    The Committee has discussed the Motions with Debtors' counsel and agrees that it is necessary to object to same. In order to avoid duplication of efforts it was agreed that the Debtors would take the laboring ore in drafting an objection that would address all of the issues that the Debtors and the Committee raised with respect to the Motions. Contemporaneously herewith, the Debtors are filing such an objection (the "Debtors' Objection"). The Committee has reviewed a draft of the Debtors' Objection and agrees with the arguments set forth therein. As such, the Committee adopts and incorporates fully, by reference herein, each of the arguments set forth in the Debtors' Objection.

6.    As stated in the Debtors' Objection, there are substantial reasons for denying the Motion. The Debtors have complied with the Sale Order and it is the Court, not the Debtors, who is capable of enforcing the Sale Order as against the PBGC, NJDEP and Crompton. In addition, the Debtors should not be held liable for any administrative expense claims asserted by Movants to indemnify them against the claims asserted by the PBGC, NJDEP and Crompton pursuant to certain lawsuits or to reimburse them for the cost of defending such suits. As clearly set forth in the Debtors' Objection, the Debtors did not breach the APA or the terms of the Sale Order and should not be held liable for disputes between third party non-debtors.

7.    Even assuming Ross' indemnification claim had some merit, a claim for breach of the APA is not ripe as the PBGC, NJDEP and Crompton must first succeed in their litigations against the Movants. For example, with respect to Crompton's claims, it has come to light that Crompton had in fact received notice. Therefore, the Debtors should not be liable to Movants on

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Debtors' Objection.

a claim that Crompton did not receive notice of the sale.

8.    Finally, as more fully set forth in the Debtors' Objection, the Debtors have not engaged in any tortious conduct and it would not be "equitable" to grant Movants relief by forcing the Debtors to indemnify Movants when no indemnity provision ever existed in the APA.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that (i) the Motions be dismissed in their entirety, and (ii) this Court grant such other and further relief as it deems just and proper under the circumstances.

Dated: February 22, 2005
      Wilmington, Delaware

**COZEN O'CONNOR**

Mark E. Felger (No. 3919)
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street
Suite 1400
Wilmington, DE  19801
(302) 295-2000 - telephone
(302) 295-2013 - fax

-and-

**HAHN & HESSEN LLP**
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - telephone
(212) 478-7400 - fax

Co-Counsel to the Official Committee of
Unsecured Creditors of Cone Mills Corporation, et al.

WILM1\29306\1 144954.000
2/22/05

4