IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONE MILLS CORPORATION, *et al.*,<br><br>               Debtors | ) Chapter 11<br>)<br>) Case No. 03-12944 (MFW)<br>)<br>) (Jointly Administered)<br>) **Re: Docket No. 998**<br>) |

## ORDER DENYING THE MOTION OF WLR RECOVERY FUND II L.P. AND WLR CONE MILLS ACQUISITION LLC FOR (1) ORDER ENFORCING SALE ORDER INJUNCTION AGAINST THE DEBTORS AND THE PENSION BENEFIT GUARANTY CORPORATION OR, ALTERNATIVELY, (2) FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM OR (3) RESCISSION OF THE SALE, AND CONTINUING THE MOTION SOLELY AS TO RECISSION AS SET FORTH IN THIS ORDER

Upon consideration of the Motion (the "Motion") of WLR Recovery Fund II L.P. and WLR Cone Mills Acquisition LLC (collectively, "WL Ross") for (1) Order Enforcing Sale Order Injunction Against the Debtors and the Pension Benefit Guaranty Corporation ("PBGC"), or Alternatively (2) For Allowance of an Administrative Claim Pursuant to 11 U.S.C. §§ 105(a), 363 and 503(a) or (3) For Rescission of the Sale, and the Objection of PBGC to the Motion, the Consolidated Objection to the Motion of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), the Consolidated Objection to the Motion of the Creditors' Committee, the Consolidated Objection to the Motion of Prudential Insurance Company of America; and it appearing that the Court has jurisdiction to consider the Motion and the Objections pursuant to 28 U.S.C. § 157(b)(2); and it appearing that due and adequate notice and disclosure of the Motion has been given; and the Court having heard the argument of counsel at the hearing on February 28, 2005; and upon the record and after due deliberation thereon; and sufficient cause appearing therefor; it is

**ORDERED** that the Motion is denied in all respects, excepting only that the Motion is continued solely with respect to WL Ross' alternative relief request for rescission or an administrative claim based on rescission of the Sale, to March 29, 2005 at 9:30 a.m.; and it is further

**ORDERED** that this Court shall retain non-exclusive jurisdiction over matters arising from or related to the interpretation and implementation of this Order.

Dated: Wilmington, Delaware
March 9, 2005

Mary F. Walrath
Chief United States Bankruptcy Judge